IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Wildade Nelson<br>22 Kessler Farm Dr.<br>Suite 659<br>Nashua, New Hampshire 03063<br><br>      Plaintiff,<br>v.<br><br>Joanne McGann<br>In All Capacities,<br>and<br>The Commonwealth of Massachusetts<br>Department of Health and Human Svcs.,<br>Department of Mental Retardation<br>500 Harrison Avenue<br>Boston, Massachusetts 02118<br><br>      Defendants. | CASE NO:_____<br><br>JUDGE_____<br><br>JURY DEMAND<br><br>**05-11269 NG**<br><br>*Referred to MJ J6 Dein* |

### COMPLAINT OF PLAINTIFF, WILDADE NELSON

### PARTIES AND RELEVANT BACKGROUND

1. Plaintiff is a Haitian-born woman currently residing in New Hampshire and working for Defendant at all times relevant to this Action.

2. Defendants are a duly-chartered state-owned and managed facility providing housing and other services for developmentally-challenged individuals and a certain manager by the name of Joanne McGann, who was employed at all relevant times by Defendant.

3. Plaintiff was hired in January, 2001 as a Mental Retardation Social Worker 1.

4. She commenced her employment at the central unit located at 450 Maple Street in Danvers, and remained there for nine (9) months, at which time she was sent to the Billerica facility.

5. Plaintiff served at the Billerica Facility for nine (9) more months, when she was transferred to the Tyngsboro facility.

6. Plaintiff received generally positive work reviews and was not subject to progressive discipline until Joanne McGann became her manager.

7. Plaintiff has sworn under Oath, and will again swear under Oath, that Ms. McGann called her "a stinking nigger" and told her she would not be returning to the Tyngsboro facility. See Plaintiff's successful New Hampshire Unemployment application. **Attachment 1.**

8. Prior to such statement, but while still subject to the control of Defendant McGann, Plaintiff was subject to a series of bogus disciplinary charges including, but certainly not limited to:

   a. improperly notifying a supervisor when a guardian wanted to remove a resident from the premises;
   b. improperly failing to evacuate the entire building after some gravy she was cooking spilled over and burned in the oven, when other non-Haitain employee was not punished for the same alleged offense and Plaintiff directly heard Defendant McGann call the other person, who would later falsely claim that Plaintiff assaulted her, "the fire lady" because of the accident;
   c. yelling at an unidentified man who arrived at a residence late at night and demanded to be let in;
   d. actually assaulting another employee not of Haitian background, although there was absolutely no police call ever made to document this alleged assault, no evidence of any injuries, and Plaintiff was allowed to continue to finish her entire shift, even though she would have fairly been considered a dangerous instrumentality if she had truly assaulted anyone.

9. Defendant McGann also assigned Plaintiff to more dangerous shifts and areas, and did further assign Plaintiff to a work area that was inappropriate for her condition after she returned from internal surgery with a physician's statement that clearly stated she should not be involved in heavy lifting.

10. Defendant McGann, acting under Color of Law and in her Individual Capacity, did further cause Plaintiff to be suspended from work for a six (6) month period without pay.

11. Plaintiff filed internal complaints with the agency that never received any substantive response, in violation of Substantive and Procedural Due Process rubrics.

12. Defendants terminated Plaintiff's employment. In terminating Plaintiff's employment, Defendants failed to properly contact the appropriate union officials and did further fail to follow their own internal hearing and other procedural guidelines, further denying Plaintiff Substantive and procedural Due Process of Law.

13. Plaintiff appropriately filed and dismissed her action before the Massachusetts Commission Against Discrimination prior to filing suit in this Honorable Court.

14. Several other employees who witnessed Plaintiff's treatment at the hands of Defendants came forward to help Plaintiff prepare her internal and MCAD complaints because they noticed that she, as a Haitian woman, was being denied equal protection under the laws.

15. As the (in)actions of Defendants clearly shock the conscience of reasonable persons, Plaintiff was foreseeably injured and did seek treatment for her injuries.

## CLAIMS

1. 42 U.S. Code 2000(e) – unlawful treatment by race, ethnicity and national origin.

2. M.G.L. 151(B) – wrongful discharge; unlawful contractual treatment and terms and conditions of employment by race, ethnicity and national origin.

3. 14th Amendment/42 U.S.C. 1983 – Denial of Substantive Due Process Rights.

4. 14th Amendment/42 U.S.C. 1983 – Denial of Procedural Due Process Rights.

5. Negligent infliction of emotional distress.

6. Intentional infliction of emotional distress.

## DEMANDS

Plaintiff hereby demands:

1. Reinstatement with any and all lost benefits.

2. Not less than $25,000.00 in compensatory damages.

3. Unspecified punitive damages.

4. Preliminary and Permanent Injunctive Relief as the Court deems applicable.

5. Attorney Fees in the event when I procure an attorney.

6. Any and all legal and equitable relief the Court deems applicable.

**WHEREFORE,**

Plaintiff submits this Complaint in all Good Faith and prays for the relief sought.

Respectfully submitted,

_____
Wildade Nelson
Plaintiff pro se

**JURY DEMAND**

I, the undersigned Plaintiff, hereby request a Trial on the Merits to be heard by a Jury of applicable size and composition.

_____
Wildade Nelson

**AFFIDAVIT OF INDIGENCY**

I, Wildade Nelson, under Oath and subject to Perjury, bring this case *in forma pauperis*, as I have not had substantial employment since Defendant(s) unlawfully terminated my employment.

1. I have no money in my checking account;

2. I have no savings;

3. My car was repossesed this month;

4. I have no cash on hand or friends who have enough money to initiate this Action;

5. I found a job but it is in Boston and I have no car to get to it;

6. I will pay the Court the costs of filing as soon as I get it, or at the completion of this case whichever is sooner.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Wildade Nelson

SWORN BEFORE ME THIS 1st DAY OF MAY, 2005

_____
Christopher King
Notary Public

My Commission Expires: 19 Feb 2008.

☐ JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

(b) County of Residence of First Listed Plaintiff: Hillsborough NH
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Middlesex MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**05-11269 NG**

(c) Attorney's (Firm Name, Address, and Telephone Number): Pro Se

Attorneys (If Known): Peter Mimmo

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Defendants treated me differently than other employees and violated Due Process

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: May 1 2005
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) **Wildade Nelson v. Joanne McGann**

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
   
   \* Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

   **05 - 11269 NG**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)). _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?   YES ☐   NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL DIVISION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES ☐   NO ☒
   OR IN THE WESTERN DIVISION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)?(SEE LOCAL RULE 40.1(D)).   YES ☐   NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN DIVISIONS OF THE DISTRICT?   YES ☐   NO ☒
   (a) IF YES, IN WHICH DIVISION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH DIVISION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? **Central**

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL DIVISION; YES ☐ NO ☒   OR WESTERN DIVISION; YES ☐ NO ☒

11. ALTERNATIVE DISPUTE RESOLUTION - IS THIS CASE SUITABLE FOR ADR? IF SO, BY WHICH ADR? **No.**
    EARLY NEUTRAL EVALUATION ☐   MEDIATION ☐   SUMMARY JURY/BENCH TRIAL ☐
    MINI-TRIAL ☐                 OTHER ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **Wildade Nelson Pro se**
ADDRESS **22 Kessler Farm Drive Nashua NH 03063**
TELEPHONE NO. **603-880-4311**

(Category Form.wpd - 3/28/2000)