UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILDADE NELSON,
    Plaintiff

V.

JOANNE MCGANN                     No. 05-11269NG
"In all her capacities"
and
COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF HEALTH AND HUMAN
SERVICES, DEPARTMENT OF
MENTAL RETARDATION,
    Defendants

## MEMORANDUM IN SUPPORT OF DEFENDANT DEPARMENT OF MENTAL RETARDATION'S PARTIAL MOTION TO DISMISS[1]

## INTRODUCTION

    Plaintiff Wildade Nelson ("Nelson") brought this pro se action against her former supervisor, Joanne McGann ("McGann") "in all her capacities" and the Massachusetts Department of Health and Human Services, and the Department of Mental Retardation ("DMR").  Nelson seeks damages for alleged actions and omissions during her employment and termination.  The following claims against DMR must be dismissed for the following reasons:

    1.    Since Nelson failed to exhaust all the requisite administrative remedies, her

          claims pursuant to 42 U.S.C. 2000e are barred as a matter of law,

---

[1] By filing a partial motion to dismiss, this Defendant does not admit to any of the allegations pertaining to the remaining claims.  The motion is partial solely because on its face, a fraction of the claims would survive a motion to dismiss at this juncture.  The Defendant also reserves the right to raise issues such as the contents of the MCAD and EEOC charges, if any, and statutes of limitation that cannot be ascertained at this time despite a generous reading of the complaint. Nelson also failed to provide defendants with a copy of an attachment mentioned in paragraph 7 of the complaint.

2. Sovereign immunity and the language of 42 U.S.C. §1983 bar claims of damages against state agencies, and

3. Massachusetts state law bars Nelson's tort claims against DMR, since

   a. Nelson Failed to Allege Timely Written Presentment of Her Tort Claims

   b. Even If Nelson Had Effected Presentment, the Exclusivity Provision of the Workers Compensation Act Would Bar Nelson's Claim of Intentional Infliction of Emotional Distress Against DMR; and

   c. Even If Nelson Had Effected Presentment, the Massachusetts Torts Claims Act Bars Nelson's Claim of Intentional Torts.

## STATEMENT OF FACTS[2]

Nelson is a Haitian-born woman who was employed as a DMR Mental Retardation Social Worker I from January 2001 until her termination. Complaint ¶¶ 1, 3, 12. Nelson began her employment at the DMR facility in Danvers and, after nine months, was transferred to Billerica. Complaint ¶ 4. Nine months after that, Nelson was transferred to Tyngsboro. Complaint ¶ 5.

. Nelson received "generally positive" reviews until McGann became her supervisor when she began to be subjected to progressive discipline. Complaint ¶6.

McGann allegedly called Nelson a "stinking nigger," said that Nelson would never return to the Tyngsboro facility, and subjected her to a number of "bogus disciplinary charges." Complaint ¶¶ 7, 8.[3] Although only vaguely described, these allegedly bogus charges included[4] 1) faulty notification of a supervisor when a guardian wanted to remove a patient from the premises; 2) improper evacuation after a kitchen fire; 3) yelling at an unidentified man who demand entrance into a

---

[2] The Defendant deems the alleged facts as true for the purposes of this motion to dismiss only.
[3] Nelson refers to an attachment to the complaint but, either intentionally or otherwise, none was provided.
[4] This portion of the complaint is murky, and has been described as accurately as possible.

residence late one night; and 4) assaulting another employee Complaint ¶8.  Nelson also claims that McGann referred to her as the "fire lady," Complaint ¶ 8, and assigned her to more dangerous shifts and areas despite documentation that Nelson should not engage in heavy lifting following surgery. Complaint, ¶9.  McGann also suspended Nelson for six months.  Complaint ¶10.

Nelson filed internal complaints with DMR without any response.  ¶11.  DMR terminated Nelson's employment[5].  Complaint ¶12.  In doing so, DMR failed to notify union officials or other otherwise comply with its own procedural guidelines.  Complaint ¶13.

Nelson thereafter filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD"). Complaint ¶14.

## ARGUMENT

### I. SINCE NELSON FAILED TO EXHAUST ALL THE REQUISITE ADMINISTRATIVE REMEDIES, HER CLAIMS PURSUANT TO 42 U.S.C. 2000e ARE BARRED AS A MATTER OF LAW

A Title VII civil rights action brought pursuant to 42 U.S.C. 2000(e) can only be commenced within ninety days after the issuance of a "right-to-sue" letter by the United States Equal Employment Opportunity Commission (EEOC). Without such a "right to sue" letter or final disposition by the EEOC, a plaintiff is deemed not to have exhausted all administrative remedies and cannot proceed to court. <u>Jorge v. Rumsfeld</u>, 404 F.3d 556, 564 (1st Cir. 2005) and cases cited. ("in a Title VII case, a plaintiff's unexcused failure to exhaust administrative remedies effectively bars the courthouse door").

Nelson does not allege or attach a right to sue letter or final disposition from the EEOC. Her claims are therefore barred as a matter of law and must be dismissed.

---

[5] The complaint does not state the date of Nelson's purported termination.

## II. SOVEREIGN IMMUNITY AND THE LANGUAGE OF 42 U.S.C. § 1983 BAR CLAIMS OF DAMAGES AGAINST DMR

A state can only be successfully sued for damages in federal court if Congress has overridden, or the state has waived, sovereign immunity as conferred upon it by the Eleventh Amendment.  Kimel v. Florida Bd. of Regents, 528 U.S. 62, 75-76 (2000).  Congress has not overridden the Commonwealth's Eleventh Amendment immunity and the Commonwealth has not waived it.

The sovereign immunity clause of the Eleventh Amendment bars the rendering of any judgment against a state, a state agency, or state officials in their official capacity because any such judgment would have to be paid from state funds.  Quern v. Jordan, 440 U.S. 332, 337 (1979); Fresenius Medical Care Cardiovascular Resources, Inc. v. Puerto Rico and the Caribbean Cardiovascular Center Corp., 322 F. 3d 56, 63 (1st Cir. 2003).

Quite apart from the bar of sovereign immunity, state officials in their official capacity cannot be subject to suit under 42 U.S.C. § 1983.  Section 1983 provides in relevant part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (emphasis added).  The Supreme Court has definitively held that, as a matter of statutory interpretation, states are not "persons" and, therefore, not subject to suit under section 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989) Accordingly, Nelson's claim for damages pursuant to 42 U.S.C. §1983 must be dismissed.

### III. MASSACHUSETTS STATE LAW BARS NELSON'S TORT CLAIMS AGAINST DMR

Nelson claims that DMR is liable for negligent and intentional infliction of emotional distress. These claims must be dismissed as barred by the Massachusetts Torts Claims Act, M.G.L. c. 258, and/or the Workmen's' Compensation Act because Nelson failed to allege timely written presentment, worker's compensation is an exclusive remedy, and intentional torts are not covered by the Massachusetts Tort Claims Act.

#### A. NELSON FAILED TO ALLEGE TIMELY WRITTEN PRESENTMENT OF HER TORT CLAIMS

A civil action cannot be instituted against the Commonwealth or its agencies pursuant to the Massachusetts Tort Claims Act without first making presentment no more than two years after the date upon which the cause of action arose. G.L. c. 258 §2. Failure to make presentment is a jurisdictional bar to tort claims allow public officials the opportunity to investigate and determine whether the claim is valid Richardson v. Dailey, 424 Mass. 258, 261 (1997), quoting Lodge v. District Attorney for Suffolk Dist., 221 Mass.App.Ct. 277, 283 (1994). "Underlying that strict, and often harsh, interpretation of the presentment requirement is a recognition of the need for public bodies to make prompt investigations in the interest of disproving fraudulent claims and settling meritorious ones out of court, and the desirability of enabling them to take preventive steps to avoid future claims." Krasnow v. Allen, 29 Mass.App.Ct. 562, 567 (1990). Nelson's failure to plead compliance with the statutory presentment requirements accordingly bars her claims under the Massachusetts Tort Claims Act and must be dismissed.

**B.    EVEN IF NELSON HAD EFFECTED PRESENTMENT, THE EXCLUSIVITY PROVISION OF THE WORKERS COMPENSATION ACT WOULD BAR NELSON'S CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DMR**

It is well settled that actions for intentional infliction of emotional distress against an employer are barred by the exclusivity provision of the Workers' Compensation Act. G.L. c. 152, §24; Green v. Wyman-Gordon Co., 422 Mass. 551, 558 (1996); Anzalone v. Mass. Bay Trans. Auth., 403 Mass. 119, 124-125 (1988); Brown V. Nutter, McClennen & Fish, 45 Mass.App.Ct. 212, 214-214 (1998). Unless a plaintiff expressly preserves in writing her common law rights of action pursuant to G.L. c. 152, §24, the Worker's Compensation Act is the exclusive remedy for an employee to recover for personal injuries sustained from the conduct of her employer. As Nelson did not expressly preserve her common law rights, her claim for intentional infliction of emotional distress is barred by the Workers' Compensation Act.

**C.    EVEN IF NELSON HAD EFFECTED PRESENTMENT, THE MASSACHUSETTS TORTS CLAIMS ACT BARS NELSON'S CLAIM OF INTENTIONAL TORTS.**

The Massachusetts Tort Claims Act specifically excludes the Commonwealth from liability for any intentional tort. G.L. c.258, § 10(c), Tilton v. Town of Franklin, 24 Mass.App.Ct. 110, 113, review denied, 400 Mass. 1103 (1987). Public employers, including the state and its agencies, thus have not waived their common law immunity with respect to these torts Spring v. Geriatric Authority of Holyoke, 394 Mass. 274 (1985). Nelson's claim of intentional infliction of emotional distress is thus barred and must be dismissed.

## CONCLUSION

. Partial summary judgment should be granted DMR on account of Nelson's failure to exhaust the requisite administrative remedies; state agency sovereign immunity; failure to make presentment; the exclusivity provision of the Workers Compensation Act; and the Massachusetts Torts Claims Bar against intentional torts.

RESPECTFULLY SUBMITTED,
DEPARTMENT OF MENTAL RETARDATION

By its attorneys,
THOMAS F. REILLY
ATTORNEY GENERAL

/s/
Ernest L. Sarason, Jr., BBO NO: 441980
Maite A. Parsi, BBO No. 554009
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, 18th Floor
Boston, MA 02108
617-727-2200 x3322
maite.parsi@ago.state.ma.us

Dated:  January 6, 2006

## CERTIFICATE OF SERVICE

I certify that on this 6th day of January 2006 I served the above document on the plaintiff, Wildade Nelson, via regular mail postage prepaid to her address of record, 22 Kessler Farm Dr., Nashua, NH 03063

Ernest L. Sarason, Jr.