UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILDADE NELSON,
    Plaintiff

V.

JOANNE MCGANN                      No. 05-11269NG
"In all her capacities"
and
COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF HEALTH AND HUMAN
SERVICES, DEPARTMENT OF
MENTAL RETARDATION,
    Defendants

## MEMORANDUM IN SUPPORT OF DEFENDANT JOANNE MCGANN'S PARTIAL MOTION TO DISMISS[1]

### INTRODUCTION

Plaintiff Wildade Nelson ("Nelson") brought this pro se action against her former supervisor, Joanne McGann ("McGann") "in all her capacities" and the Massachusetts Department of Health and Human Services, and the Department of Mental Retardation ("DMR"). Nelson seeks damages for alleged actions and omissions during her employment and termination. The following claims against McGann must be dismissed for the following reasons:

    1.    Since Nelson failed to exhaust all the requisite administrative remedies, her claims pursuant to 42 U.S.C. 2000e are barred as a matter of law,

---

[1] By filing a partial motion to dismiss, this Defendant does not admit to any of the allegations pertaining to the remaining claims. The motion is partial solely because on its face, the a fraction of the complaint would survive a motion to dismiss at this juncture. The Defendant also reserves the right to raise issues such as the contents of the MCAD and EEOC charges, if any, and statutes of limitation that cannot be ascertained at this time despite a generous reading of the complaint. Nelson also failed to provide defendants with a copy of an attachment mentioned in paragraph 7 of the complaint.

2. Sovereign immunity and the language of 42 U.S.C. §1983 bar claims of damages against McGann in her official capacity,

3. As a state employee acting within the scope of her employment, McGann is immune from liability for negligence, and

4. The exclusivity provision of the Workers' Compensation Act bars nelson's claim for intentional infliction of emotional distress.

## STATEMENT OF FACTS[2]

Nelson is a Haitian-born woman who was employed as a DMR Mental Retardation Social Worker I from January 2001 until her termination[3]. Complaint ¶¶ 1, 3, 12. Nelson began her employment at the DMR facility in Danvers and, after nine months, was transferred to Billerica. Complaint ¶ 4. Nine months after that, Nelson was transferred to Tyngsboro. Complaint ¶ 5.

Nelson received "generally positive" reviews until McGann became her supervisor when she began to be subjected to progressive discipline. Complaint ¶6.

McGann allegedly called Nelson a "stinking nigger," said that Nelson would never return to the Tyngsboro facility, and subjected her to a number of "bogus disciplinary charges." Complaint ¶¶ 7, 8.[4] Although only vaguely described, these allegedly bogus charges included[5] 1) faulty notification of a supervisor when a guardian wanted to remove a patient from the premises; 2) improper evacuation after a kitchen fire; 3) yelling at an unidentified man who demand entrance into a residence late one night; and 4) assaulting

---

[2] The Defendant deems the alleged facts as true for the purposes of this motion to dismiss only.
[3] The complaint does not provide the date of the alleged termination.
[4] Nelson refers to an attachment to the complaint but none was provided.
[5] This portion of the complaint is murky, and has been described as accurately as possible.

2

another employee Complaint ¶8.  Nelson also claims that McGann referred to her as the "fire lady," Complaint ¶ 8, and assigned her to more dangerous shifts and areas despite documentation that Nelson should not engage in heavy lifting following surgery.  Complaint, ¶9.  McGann also suspended Nelson for six months.  Complaint ¶10.

Nelson filed internal complaints with DMR without any response.  ¶11.  At some point not stated in the complaint, DMR terminated Nelson's employment.  Complaint ¶12.  In doing so, DMR failed to notify union officials or other otherwise comply with its own procedural guidelines.  Complaint ¶13.

Nelson thereafter filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD"). Complaint ¶14.

## ARGUMENT

**I. SINCE NELSON FAILED TO EXHAUST ALL THE REQUISITE ADMINISTRATIVE REMEDIES, HER CLAIMS PURSUANT TO 42 U.S.C. 2000e ARE BARRED AS A MATTER OF LAW**

A Title VII civil rights action brought pursuant to 42 U.S.C. 2000(e) can only be commenced within ninety days after the issuance of a "right-to-sue" letter by the United States Equal Employment Opportunity Commission (EEOC). Without such a "right to sue" letter or final disposition by the EEOC, a plaintiff is deemed not to have exhausted all administrative remedies and cannot proceed to court. Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005) and cases cited. ("In a Title VII case, a plaintiff's unexcused failure to exhaust administrative remedies effectively bars the courthouse door")

Nelson does not allege or attach a right to sue letter or final disposition from the EEOC.  Her claims are therefore barred as a matter of law and must be dismissed.

3

## II. SOVEREIGN IMMUNITY AND THE LANGUAGE OF 42 U.S.C. § 1983 BAR CLAIMS OF DAMAGES AGAINST MCGANN IN HER OFFICIAL CAPACITY

A state can only be successfully sued for damages in federal court if Congress has overridden, or the state has waived, sovereign immunity as conferred upon it by the Eleventh Amendment.  Kimel v. Florida Bd. of Regents, 528 U.S. 62, 75-76 (2000).  Congress has not overridden the Commonwealth's Eleventh Amendment immunity and the Commonwealth has not waived it.

The sovereign immunity clause of the Eleventh Amendment bars the rendering of any judgment against a state, a state agency, or state officials in their official capacity because any such judgment would have to be paid from state funds.  Quern v. Jordan, 440 U.S. 332, 337 (1979); Fresenius Medical Care Cardiovascular Resources, Inc. v. Puerto Rico and the Caribbean Cardiovascular Center Corp., 322 F. 3d 56, 63 (1st Cir. 2003).

Quite apart from the bar of sovereign immunity, state officials in their official capacity cannot be subject to suit under 42 U.S.C. § 1983.  Section 1983 provides in relevant part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (emphasis added).  The Supreme Court has definitively held that, as a matter of statutory interpretation, states are not "persons" and, therefore, not subject to suit under section 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989)  Accordingly, Nelson's claim for damages pursuant to 42 U.S.C. §1983 against McGann in

4

her official capacity must be dismissed.

### III. AS A STATE EMPLOYEE ACTING WITHIN THE SCOPE OF HER EMPLOYMENT, MCGANN IS IMMUNE FROM LIABILITY FOR NEGLIGENCE

The Massachusetts Tort Claims Act, M.G.L. c. 258 §2, imposes liability for negligence solely on the public employer. Schenker v. Binns, 18 Mass.App.Ct. 404, 404 (1984). That statute makes the public employer, but not the public employee, liable for claims arising out of negligence. Id. As a public employee acting within the scope of her employment, McGann is immune from liability for any negligence. Mass. Gen. Laws c. 258 § 2.

### IV. THE EXCLUSIVITY PROVISION OF THE WORKERS' COMPENSATION ACT BARS NELSON'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

It is well settled that actions for intentional infliction of emotional distress against an employer are barred by the exclusivity provision of the Workers' Compensation Act. G.L. c. 152, §24; Green v. Wyman-Gordon Co., 422 Mass. 551, 558 (1996); Anzalone v. Mass. Bay Trans. Auth., 403 Mass. 119, 124-125 (1988); Brown V. Nutter, McClennen & Fish, 45 Mass.App.Ct. 212, 214-214 (1998). This provision also bars these claims against individual employees where the conduct in question was within the scope of employment. Anzalone, 403 Mass. at 124-125. An employee's acts in his capacity as supervisor are clearly within the scope of employment. See Anzalone, 403 Mass. at 124-125 (the exclusivity provision barred claims of intentional infliction of emotional distress where complained-of conduct related solely to defendant's position as plaintiff's supervisor and the manner in which he exercised his supervisory duties). Nelson's claims of distress relate solely to McGann's purported acts and omissions as Nelson's supervisor.

## CONCLUSION

Partial dismissal should be allowed on account of Nelson's failure to exhaust the requisite administrative remedies; state agency sovereign immunity; the Massachusetts Tort Claims' act bar of negligence claims against state employees, and the exclusivity provision of the Workers Compensation Act.

> RESPECTFULLY SUBMITTED,
> JOANNE MCGANN
>
> By her attorneys,
>
> THOMAS F. REILLY
> ATTORNEY GENERAL
>
>
> _____/s/_____
> Ernest L. Sarason, Jr., BBO NO: 441980
> Maite A. Parsi, BBO No. 554009
> Assistant Attorney General
> Government Bureau/Trial Division
> One Ashburton Place, 18th Floor
> Boston, MA 02108
> 617-727-2200 x3322
> maite.parsi@ago.state.ma.us

Dated: January 6, 2006

## CERTIFICATE OF SERVICE

I certify that on this 6th day of January 2006 I served the above document on the plaintiff, Wildade Nelson, via regular mail postage prepaid to her address of record, 22 Kessler Farm Dr., Nashua, NH 03063

> _____
> Ernest L. Sarason, Jr.