UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

WILDADE NELSON,
    Plaintiff

V.

JOANNE MCGANN                     No. 05-11269NG
"In all her capacities"
and
COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF HEALTH AND HUMAN
SERVICES, DEPARTMENT OF
MENTAL RETARDATION,
    Defendants
_____

## DEFENDANT JOANNE MCGANN'S ANSWER AND JURY DEMAND

1. The Defendant Joanne McGann ("McGann of the Defendant") admits that the plaintiff, Wildade Nelson ("Nelson") worked for the Massachusetts Department of Mental Retardation. Defendant is without knowledge of information sufficient to admit or deny whether plaintiff is a New Hampshire resident.

2. McGann admits that she was employed by the Department of Mental Retardation (DMR) at all times relevant to the allegations in the complaint in this action, and that the DMR is a state agency. McGann denies the remaining allegations in this paragraph.

3. Admitted.

4. Denied. As further answer, plaintiff requested and received a transfer/reassignment to the Billerica facility in August 2001.

5. Defendant admits that Nelson was assigned to the Billerica facility after working at the Billerica facility for approximately nine months. As further answer, the DMR

      granted Nelson's request for a transfer/reassignment to the Tyngsboro facility on May 3, 2002.

6. Denied. A further answer, McGann was not Nelson's manager at all times relevant to the allegations in this complaint or at the time that Nelson struck a coworker.

7. McGann is without knowledge or information sufficient to admit or deny whether Nelson made any statements under oath or will do so in the future. McGann likewise cannot respond to the allegations involving a "New Hampshire Unemployment application" referenced in this paragraph as Attachment 1, Nelson failed to serve the attachment. McGann denies the remaining allegations in this paragraph.

8. Denied.

9. Denied.

10. To the extent that this paragraph contains conclusions of law, it requires no response. To the extent that a response is required, denied. McGann denies the remaining allegations in this paragraph.

11. The allegations in this paragraph pertain to another Defendant that is no longer a party in this action and require no response. To the extent that it contains conclusions of law, it requires no response. To the extent that a response is required, denied. To the extent it is construed as referring to McGann, denied.

12. The portions of this paragraph referring to substantive and procedural due process of law are legal conclusions that require no response. To the extent that a response is required, denied.

13. This paragraph contains conclusions of law that require no response. To the extent that a response is required, denied.

14. Defendant is without knowledge or information sufficient to determine whether other employees assisted Nelson in any way.  To the extent that this paragraph contains conclusions of law, they require no response.  To the extent that a response is required, denied.  McGann denies the remaining allegations in this complaint.

15. Defendant is without knowledge or information to determine whether plaintiff sought treatment for any reason and denies the remaining allegations in this paragraph.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Nelson has failed to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any and all actions by McGann were based on Nelson's performance and/or disciplinary issues, in good faith, nondiscriminatory and pursuant to Nelson's responsibilities as a supervisor

### THIRD AFFIRMATIVE DEFENSE

Nelson is barred from pursuing any and all claims stemming from allegations that are untimely and/or not stated in the allegations in the Massachusetts Commission Against Discrimination complaint

### FOURTH AFFIRMATIVE  DEFENSE

Nelson cannot show that McGann harbored any discriminatory animus.

### FIFTH AFFIRMATIVE DEFENSE

Nelson failed to meet all administrative, statutory and/or contractual prerequisites to filing suit.

### SIXTH AFFIRMATIVE DEFENSE

The defendant acted at all times reasonably, without malice, recklessness or disregard of Nelson's rights and with good faith and the belief that her actions were lawful and not in violation of any of Nelson's rights.

### SEVENTH AFFIRMATIVE DEFENSE

Nelson's claims are barred for failure to timely file this action.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant acted at all times relevant to this Complaint within the scope of her employment and in her official capacity.

### FIFTH DEFENSE

Nelson's damages, if any, were not caused by defendant's acts or omissions.

### NINTH AFFIRMATIVE DEFENSE

McGann is entitled to qualified immunity.

### TENTH AFFIRMATIVE DEFENSE

The rights that Nelson claims were violated were not clearly established at the time of the alleged conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

Nelson failed to avail herself of the process provided by the Collective Bargaining Agreement.

### TWELFTH AFFIRMATIVE DEFENSEB

Nelson's murky allegations fail to comply with the pertinent procedural rules.

DEFENDANT CLAIMS A TRIAL BY JURY ON ALL ISSUES PRESENTED IN THE PLAINTIFF'S COMPLAINT AND DEFENDANTS' ANSWER.

JOANNE MCGANN

By her attorneys,
THOMAS F. REILLY
ATTORNEY GENERAL


   /s/ Maite A. Parsi        .
Maite A. Parsi, BBO No. 554009
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, 18th Floor
Boston, MA 02108
617-727-2200 x3322
maite.parsi@ago.state.ma.us

Dated: September 13, 2006


CERTIFICATE OF SERVICE

I certify that on this 13th day of September 2006 I served the above document on the pro se plaintiff, Wildade Nelson, via regular mail postage prepaid to her address of record, 22 Kessler Farm Dr., Nashua, NH 03063

   /s/ Maite A. Parsi        .
Maite A. Parsi