UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILDADE NELSON,
    Plaintiff

V.

JOANNE MCGANN
and
MASSACHUSETTS DEPARTMENT OF
HEALTH AND HUMAN SERVICES
DEPARTMENT OF MENTAL RETARDATION
    Defendants

No. 05-11269NG

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

## I.    INTRODUCTION

Wildade Nelson (Nelson) filed the complaint in this action on June 13, 2005. That is the extent of her involvement and efforts in this case. Since she has taken no steps to prosecute her action in the last year and a half, the Defendants move to dismiss with prejudice. Nelson's failure to prosecute includes the following omissions:

1. Despite Defendants' written attempts to narrow the issues pursuant to Local Rule 7.1(A)(2), Nelson did not in any way respond to:
   a. A letter attempting to narrow the issues prior to the motions to dismiss filed and served on January 6, 2006.
   b. A letter setting forth the reasons for a draft motion for judgment on the pleadings
   c. A letter attempting to confer no less than 21 days prior to the scheduling conference.
2. The Court sent a Notice Setting the Scheduling Conference ("the Notice") to all parties on September 27, 2006. The notice directed the parties to appear on November 21, 2006. It also outlined the parties' obligations pursuant to pertinent rules.
   The Notice clearly states that "[f]ailure to comply fully with this notice and with . . . Local Rule 16.1 may result in sanctions under Local Rule 1.3" That rule allows "dismissal, default, or the imposition other sanctions.")

3.  Nelson failed to appear at the scheduling conference on November 21, 2006. Upon information and belief, she did not contact the Court to seek a continuance or otherwise address her failure to show up.

## II.  ARGUMENT

Courts have an "inherent power" under Federal Rule of Civil Procedure 41(b) to dismiss cases for failure to prosecute. Link v. Wabash Railroad Co., 370 U.S. 626 (1962). This power is necessary to prevent undue delay and congestion in the Court's calendar. Id. at 629-30; Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003); Cintron-Lorenzo v. Departamento De Asuntos Del Consumidor, 312 F.3d 522, 525-26 (1st Cir. 2002).

Nelson disregarded her obligation to comply with pertinent rules and the order to attend theNovember 21, 2006 conference. She also ignored every attempt defense counsel's attempts at communication. Her neglect of this matter since June 2005 likewise militates for dismissal[1].

## III.  CONCLUSION

For the stated reasons, this Court should dismiss this case for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) and Local Rule 1.3.

                        RESPECTFULLY SUBMITTED
                        JOAN MCGANN and DEPARTMENT OF
                        MENTAL ETARDATION
                        By their attorneys,

                        MARTHA COAKLEY
                        ATTORNEY GENERAL

                        /s/ Maite A. Parsi
                        Maite A. Parsi, BBO No. 554009
                        Assistant Attorney General
                        One Ashburton Place, 18th Floor
                        Boston, MA 02108
January 18, 2007            (617) 727-2200 x2572

---

[1] Nelson's pro se status does not " … absolve [her] from compliance with the Federal Rules of Civil Procedure.  This applies with equal force to a district court's procedural rules." FDIC v. Anchor Properties, 13 F.3d 27, 31 (1st Cir. 1994); see United States v. Heller, 957 F.2d 26, 31 (1st Cir. 1992).

3

## CERTIFICATE OF SERVICE

      I certify that on this 18th day of January 2007 I served the above document on the pro se plaintiff, Wildade Nelson, via regular mail postage prepaid to her address of record, 22 Kessler Farm Dr., Nashua, NH 03063

                                             /s/ Maite A. Parsi     .
                                          Maite A. Parsi